## The People of the State of Illinois, Appellee, v. James Bohan, Appellant.

## The People of the State of Illinois, Appellee, v. William Sheehan, Appellant.

CRIMINAL LAW, § 627*—*power of State's Attorney to compromise judgments.* A State's Attorney has no pardoning power and no authority to compromise judgments that have been rendered in courts of competent jurisdiction in criminal cases.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Vol. CLXXXV 5

Appeal from the County Court of De Witt county; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed December 27, 1913.

EDWARD J. SWEENEY, for appellants.

LOUIS O. WILLIAMS, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

At the January term, 1910, of the County Court of DeWitt county, judgments were rendered against the appellants, James Bohan and William Sheehan, for six hundred dollars and one thousand dollars, respectively, in criminal prosecutions for the unlawful selling of intoxicating liquors. Appellants did not pay the judgments and in default thereof were imprisoned in the county jail. They remained in jail until they were released on the order of the State's Attorney. The State's Attorney made an alleged settlement with Bohan, whereby he paid the State's Attorney one hundred dollars in cash and gave his note for one hundred dollars. He likewise made an alleged settlement with Sheehan, whereby Sheehan paid him fifty dollars in cash and gave his note for one hundred dollars. When these alleged settlements were made the appellants were released from jail by order of the State's Attorney. At the next election another State's Attorney was elected and he found the aforesaid judgments in the County Court against the appellants, respectively, remained unpaid and had executions issued against the appellants and levies made thereunder. Appellants then came into court and made their respective motions to quash the executions on the ground that they had settled the judgments in the manner aforesaid with the preceding State's Attorney. The motions were overruled and they have prosecuted this appeal, and the two cases have been consolidated in this court.

That a State's Attorney has no pardoning power and no authority to settle and compromise judgments

that have been rendered in courts of competent jurisdiction in criminal cases seems too clear for argument, but the question has been settled by this court in the case of *Whittington v. Ross*, 8 Ill. App. 234. Under the authority of this case the judgment in the County Court in each case must be affirmed.

*Affirmed.*